**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BARBARA SUMNER-HARRIS | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Civil Action No.: |
| | : | |
| WALMART INC. & EQUITY ONE | : | |
| (NORWALK), LLC | : | |
| | : | |
| Defendant | : | FEBRUARY 24, 2023 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants, **Walmart Inc.** and **Equity One (Norwalk), LLC,** hereby gives notice of the removal of the above-captioned action from the Superior Court of Connecticut, J.D. of Fairfield at Bridgeport, which is the judicial district in which said action is pending, to this Court. The grounds for removal are as follows:

1.     By way of complaint dated January 17, 2022, the plaintiff, Barbara Sumner-Harris, commenced a civil action against the defendants, Walmart Inc. and Equity One (Norwalk), LLC, in the Superior Court of Connecticut, J.D. of Fairfield at

1

Bridgeport, titled <u>Barbara Sumner-Harris v. Walmart Inc. Et Al</u> (the "Bridgeport Action"), Docket Number DBD-CV23-6045266-S.

2.     The plaintiff's Complaint alleges that as a result of the negligence of the defendants, the plaintiff fell as a result of stepping into a pot hole in the parking area of the defendants' Premises, sustaining injuries including chronic headache injury complex, meniscal tear of the left knee, cervical strain/sprain, thoracic strain/sprain, lumbar strain/sprain, left knee strain/sprain, right ankle strain/sprain, neck, back and left knee pain, restricted range of motion of the neck and left knee, shock to the nervous system, and permanent disability of the neck, back, left knee and whole person. The Complaint states that the plaintiff expended sums of money for medical treatment, including surgery and physical therapy and will be obliged in the future to expend further sums for such purposes. It further alleges that the plaintiff was unable to undertake and participate in her usual activities and responsibility, all to her great detriment. Finally, it alleges the plaintiff suffered a loss of income and may be restricted in her employment in the future. The demand for relief claims monetary damages in excess of $15,000.

3.     This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between the plaintiff and the defendants, and the

2

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the plaintiff and the defendants. Plaintiff is an individual who is a citizen of the State of Connecticut. Defendant Walmart Inc. is a Delaware corporation with a principal place of business in Bentonville, Arkansas. Equity One (Norwalk), LLC is a Delaware corporation with a principal place of business in Jacksonville, Florida.

5.      Upon information and belief, the value of the Bridgeport Action exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy exceeds such sum or value based on the extensive list of injuries alleged in the Complaint. This conclusion is bolstered by the plaintiff's pre-suit medical treatment including a surgical procedure, her pre-suit demand of $155,000 made on August 10, 2022, and medical expenses as of August 10, 2022 that total approximately $36,414.25.

6.      This Notice of Removal is being timely filed within 30 days after the receipt by defendants, Walmart Inc. and Equity One (Norwalk), LLC, through service of a copy of the initial pleading setting forth the claim for relief upon which plaintiff's claims are based, pursuant to 28 U.S.C. § 1446. Plaintiff served her initial pleading in

3

the Bridgeport Action on defendant Walmart Inc. and Equity One (Norwalk) LLC, on January 25, 2023. Accordingly, the time for filing this Notice under the provisions of 28 U.S.C. § 1441 has not expired.

7.      This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the Bridgeport Action had originally been brought in Federal court.  Removal, therefore, is proper under 28 U.S.C. § 1441(a).

8.      Removal of this case on the basis of diversity citizenship is not precluded by 28 U.S.C § 1441(b)(2) because none of the parties in interest has joined and served as a defendant a citizen of the State of Connecticut, which is the State in which the Bridgeport Action was brought.

9.      All state court papers served on the defendants at the time of removal, consisting of the summons and complaint, are attached hereto as **Exhibit A**.

10.     Written notice of the filing of this Notice has been given to all parties as required by law (**Exhibit B**).

12.     Pursuant to 28 USC §1446(d), the defendants have notified the Superior Court of the State of Connecticut of the filing of this petition.

4

For the reasons set forth above, the defendants hereby removes this action from the Superior Court of Connecticut, J.D. of Fairfield at Bridgeport, to this Court.

DEFENDANTS,
WALMART INC.,
EQUITY ONE (Norwalk), LLC

By: /s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: rdwyer@conwaystoughton.com

## CERTIFICATION

I hereby certify that on February 24, 2023, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580

Conway Stoughton LLC • Attorneys at Law
641 Farmington Avenue, Hartford, CT 06105
(860) 523-8000 • Fax (860) 523-8002• JURIS NO. 421209

Exhibit A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT SUPERIOR COURT www.jud.ct.gov |
| --- | --- |



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
| --- | --- | --- |
| 1061 MAIN STREET, BRIDGEPORT CT 06604 | ( 203 ) 579 – 6517 | 02/28/2023 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
| --- | --- | --- | --- | --- |
| ☐ Housing Session | ☐ Number: | BRIDGEPORT | Major: T | Minor: 03 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
| --- | --- |
| Law Office of Bruce J. Corrigan, Jr., 1853 Post Road East, Westport, CT 06880 | 429597 |

| Telephone number | Signature of plaintiff (if self-represented) |
| --- | --- |
| ( 203 ) 255 – 1950 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) bcorr@optonline.net |
| --- | --- |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
| --- | --- | --- |
| First plaintiff | Name: SUMNER-HARRIS, BARBARA Address: 88 TAYLOR AVENUE, NORWALK, CT 06854 | P-01 |
| Additional plaintiff | Name: Address: | P-02 |
| First defendant | Name: WALMART INC., 680 CONNECTICUT AVE., NORWALK, CT C/O AGENT FOR SERVICE: CT CORP. Address: SYSTEM, 67 BURNSIDE AVENUE, EAST HARTFORD CT 06108 | D-01 |
| Additional defendant | Name: EQUITY ONE (NORWALK), LLC, 1 INDEPENDENT DR, JACKSONVILLE FL C/O AGENT FOR SERVICE: Address: UNITED AGENT GROUP INC. 6 LANDMARK SQUARE, 4TH FLOOR, STAMFORD C 06901 | D-02 |
| Additional defendant | Name: Address: | D-03 |
| Additional defendant | Name: Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
| --- | --- | --- |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
| --- | --- | --- | --- |
| 01/17/2023 | | ☐ Clerk | Bruce J. Corrigan |

| If this summons is signed by a Clerk: | File Date |
| --- | --- |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
| --- | --- | --- | --- |

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*

   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
|  | C 10 | Construction - State and Local |  | P 10 | Partition |
|  | C 20 | Insurance Policy |  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | C 30 | Specific Performance |  | P 30 | Asset Forfeiture |
|  | C 40 | Collections |  | P 90 | All other |
|  | C 50 | Uninsured/Underinsured Motorist Coverage |  |  |  |
|  | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 90 | All other |  | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | E 10 | Redevelopment Condemnation |  | T 12 | Defective Premises - Public - Other |
|  | E 20 | Other State or Municipal Agencies |  | T 20 | Products Liability - Other than Vehicular |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 28 | Malpractice - Medical |
|  | E 90 | All other |  | T 29 | Malpractice - Legal |
|  |  |  |  | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit |  | T 40 | Assault and Battery |
|  | H 12 | Housing - Rent and/or Damages |  | T 50 | Defamation |
|  | H 40 | Housing - Housing - Audita Querela/Injunction |  | T 61 | Animals - Dog |
|  | H 50 | Housing - Administrative Appeal |  | T 69 | Animals - Other |
|  | H 60 | Housing - Municipal Enforcement |  | T 70 | False Arrest |
|  | H 90 | Housing - All Other |  | T 71 | Fire Damage |
|  |  |  |  | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 10 | Receivership |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 15 | Receivership for Abandoned/Blighted Property |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 20 | Mandamus |  | V 06 | Motor Vehicle* - Products Liability including Warranty |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |  | V 09 | Motor Vehicle* - All other |
|  | M 40 | Arbitration |  | V 10 | Boats |
|  | M 50 | Declaratory Judgment |  | V 20 | Airplanes |
|  | M 63 | Bar Discipline |  | V 30 | Railroads |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 40 | Snowmobiles |
|  | M 68 | Bar Discipline - Inactive Status |  | V 90 | All other |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  |  |  |
|  | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | M 84 | Foreign Protective Order |  | W 90 | All other |
|  | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |  |  |  |
|  | M 90 | All other |  |  |  |

RETURN DATE:  FEBRUARY  28, 2023     :      SUPERIOR COURT

BARBARA SUMNER-HARRIS     :      J. D. OF FAIRFIELD

VS.     :      AT BRIDGEPORT

WALMART INC.; EQUITY ONE (NORWALK), LLC     :      JANUARY 17, 2023

<u>**COMPLAINT**</u>

<u>**FIRST COUNT:**</u>    **(AS TO DEFENDANT, WALMART INC.)**

     1.     Plaintiff, **BARBARA SUMNER-HARRIS**, was at all times herein mentioned a resident of the the Town of Southport, County of Fairfield and State of Connecticut.

     2.     Defendant, **WALMART INC.**, was a foreign corporation having a place of business located in Norwalk, Connecticut.

     3.     The "Premises", as hereinafter referred to, consists of a commercial retail store known as "WALMART," including the parking area located at 680 Connecticut Avenue, Norwalk, Connecticut.

     4.     At all times herein mentioned, defendant, WALMART INC., owned the Premises and was responsible for the maintenance, safety and control of the Premises.

     5.     On May 18, 2021, at approximately 3:30 p.m., the plaintiff, a patron and business invitee at said Premises, was walking in the parking area towards the front entrance of WALMART (hereinafter referred to as the "parking area").

6.      As the plaintiff was walking in said parking area she fell as a result of stepping into a pot hole (attached hereto as <u>Exhibit A</u> is a photograph depicting said pot hole ) which represents a hazardous and dangerous condition..

7.      Defendant, WALMART, had notice and knowledge or with reasonable diligence should have had notice and knowledge of such hazardous and dangerous condition, but neglected to remedy same.

8.      Defendant, WALMART, owed a duty to patrons and business invitees to the Premises, such as the plaintiff, to exercise reasonable care in the maintenance and control of the Premises.

9.      The injuries sustained by the plaintiff were caused by the negligence and carelessness of the defendant, WALMART, in one or more of the following respects:

a.      IN THAT defendant, WALMART, failed to adhere to their duty of reasonable care to ensure the safety of patrons and business invitees of the Premises, including persons such as the plaintiff, by failing keep the Premises, particularly the parking area in reasonably safe condition;

b.      IN THAT defendant, WALMART, failed to warn patrons and business invitees, including persons such as the plaintiff, of the hazardous condition of the pot hole

in the parking area as aforesaid, which defendant, WALMART, knew, or, in the exercise of reasonable care, should have known existed;

c.   IN THAT, defendant, WALMART, created a hazardous and dangerous condition to patrons and business invitees, such as the plaintiff, by permitting the existence of the pot hole in parking area as aforesaid, which constituted a hazardous condition;

d.   IN THAT, defendant, WALMART, failed to properly inspect the Premises to discover the hazardous and dangerous condition of said pot hole in said parking area, which posed a threat to persons, patrons and invitees, such as the plaintiff;

e.   IN THAT, defendant, WALMART, failed to take any precautions to protect patrons and business invitees, such as the plaintiff, from the pothole in said parking area, which was foreseeable, as a result of said hazardous and dangerous conditions, as aforesaid;

f.   IN THAT, defendant, WALMART, allowed said dangerous and hazardous condition of said parking area to exist for an unreasonable period of time prior to the fall of plaintiff;

g.   IN THAT, defendant, WALMART, created and/or maintained the hazardous and dangerous condition by permitting said pot hole in said parking area which

defendant, WALMART, knew or reasonably should have known posed an unreasonable risk to persons, such as the plaintiff, because of such dangerous and hazardous condition;

h.    IN THAT, defendant, WALMART, failed to exercise reasonable care to make the Premises safe for plaintiff and failed to take reasonable precautions to maintain said parking area or to warn individuals such as the plaintiff of said dangerous and hazardous condition.

10.    As a result of the aforementioned negligence and carelessness of the Defendant, WALMART, the plaintiff suffered the following severe, painful. and possibly permanent injuries:

a.    chronic headache injury complex;

b.    meniscal tear of the left knee;

c.    cervical strain/sprain;

d.    thoracic strain/sprain;

e.    lumbar strain/sprain;

f.    left knee strain/sprain;

g.    right ankle strain/sprain;

h.    neck, back and left knee pain;

i    restricted range of motion of the neck and left knee;

j.      shock to the nervous system;

k.      permanent disability of the neck, back, left knee and whole person.

11.     As a direct and proximate result of the negligence and carelessness of the defendant, WALMART, as aforesaid, the plaintiff expended sums of money for medical treatment, including surgery and physical therapy and will be obliged in the future to expend further sums for such purposes.

12.     Because of said injuries resulting from the negligence and carelessness of the defendant, WALMART, as aforesaid, the plaintiff faces the probability that the extent and severity of her injuries will require further medical treatment.

13.     As an additional result of said negligence and carelessness of the defendant, WALMART, as aforesaid, the plaintiff was unable to undertake and participate in her usual activities and responsibility, all to her great detriment.

14.     As a further result of the negligence and carelessness of the defendant, WALMART, as aforesaid the plaintiff has suffered and will continue to suffer physical pain and discomfort, mental anxiety, and emotional distress.

15.     As a further result of the negligence and carelessness of the defendant, WALMART, as aforesaid, the plaintiff suffered a loss of income and may be restricted in her employment in the future, to her further detriment.

16.     As the result of the negligence and carelessness of the defendant, WALMART, as aforesaid, and the injuries caused to plaintiff, the plaintiff has become anxious and fearful of increased risk of future injuries to her left knee, back and neck medical complications as a result of the fall of May 18, 2021.

**SECOND COUNT:  (AS TO DEFENDANT EQUITY ONE (NORWALK) LLC)**

1.     Plaintiff, **BARBARA SUMNER-HARRIS**, was at all times herein mentioned a resident of the the Town of Southport, County of Fairfield and State of Connecticut.

2.     Defendant, **EQUITY ONE (NORWALK) LLC.**, is a Connecticut Limited Corporation and owner of the Premises located at 680 Connecticut Avenue, Norwalk, Connecticut.

3.     The "Premises", as hereinafter referred to, consists of a commercial retail store known as "WALMART" including the parking area located at 680 Connecticut Avenue, Norwalk, Connecticut.

4.     At all times herein mentioned, defendant, EQUITY ONE (NORWALK) LLC (hereinafter referred to as "**EQUITY**" owned the Premises and was responsible for the maintenance, safety and control of the Premises.

5.      On May 18, 2021, at approximately 3:30 p.m., the plaintiff, a patron and business invitee at said Premises, was walking in the parking area towards the front entrance of WALMART, (hereinafter referred to as the "parking area").

6.      As the plaintiff was walking in said parking area she fell as a result of stepping into a pot hole (attached hereto as Exhibit A is a photograph depicting said pot hole) which represents a hazardous and dangerous condition.

7.      Defendant, EQUITY, had notice and knowledge or with reasonable diligence should have had notice and knowledge of such hazardous and dangerous condition, but neglected to remedy same.

8.      Defendant, EQUITY, owed a duty to patrons and business invitees to the Premises, such as the plaintiff, to exercise reasonable care in the maintenance and control of the Premises.

9.      The injuries sustained by the plaintiff were caused by the negligence and carelessness of the defendant, EQUITY, in one or more of the following respects:

a.      IN THAT defendant, EQUITY, failed to adhere to their duty of reasonable care to ensure the safety of patrons and business invitees of the Premises, including persons such as the plaintiff, by failing keep the Premises, particularly the parking area in reasonably safe condition;

b.   IN THAT defendant, EQUITY, failed to warn patrons and business invitees, including persons such as the plaintiff, of the hazardous condition of the pot hole in the parking area as aforesaid, which defendant, EQUITY, knew, or, in the exercise of reasonable care, should have known existed;

c.   IN THAT, defendant, EQUITY, created a hazardous and dangerous condition to patrons and business invitees, such as the plaintiff, by permitting the existence of the pot hole in parking area as aforesaid, which constituted a hazardous condition;

d.   IN THAT, defendant, EQUITY, failed to properly inspect the Premises to discover the hazardous and dangerous condition of said pot hole in said parking area, which posed a threat to persons, patrons and invitees, such as the plaintiff;

e.   IN THAT, defendant, EQUITY, failed to take any precautions to protect patrons and business invitees, such as the plaintiff, from the pothole in said parking area, which was foreseeable, as a result of said hazardous and dangerous conditions, as aforesaid;

f.   IN THAT, defendant, EQUITY, allowed said dangerous and hazardous condition of said parking area to exist for an unreasonable period of time prior to the fall of plaintiff;

g.    IN THAT, defendant, EQUITY, created and/or maintained the hazardous and dangerous condition by permitting said pot hole in said parking area which defendant, EQUITY, knew or reasonably should have known posed an unreasonable risk to persons, such as the plaintiff, because of such dangerous and hazardous condition;

h.    IN THAT, defendant, EQUITY, failed to exercise reasonable care to make the Premises safe for plaintiff and failed to take reasonable precautions to maintain said parking area or to warn individuals such as the plaintiff of said dangerous and hazardous condition.

10.    As a result of the aforementioned negligence and carelessness of the Defendant, EQUITY, the plaintiff suffered the following severe, painful. and possibly permanent injuries:

a.    chronic headache injury complex;

b.    meniscal tear of the left knee;

c.    cervical strain/sprain;

d.    thoracic strain/sprain;

e.    lumbar strain/sprain;

f.    left knee strain/sprain;

g.    right ankle strain/sprain;

     h.    neck, back and left knee pain;

     i     restricted range of motion of the neck and left knee;

     j.    shock to the nervous system;

     k.    permanent disability of the neck, back, left knee and whole person.

11.    As a direct and proximate result of the negligence and carelessness of the defendant, EQUITY, as aforesaid, the plaintiff expended sums of money for medical treatment, including surgery and physical therapy and will be obliged in the future to expend further sums for such purposes.

12.    Because of said injuries resulting from the negligence and carelessness of the defendant, EQUITY, as aforesaid, the plaintiff faces the probability that the extent and severity of her injuries will require further medical treatment.

13.    As an additional result of said negligence and carelessness of the defendant, EQUITY, as aforesaid, the plaintiff was unable to undertake and participate in her usual activities and responsibility, all to her great detriment.

14.    As a further result of the negligence and carelessness of the defendant, EQUITY, as aforesaid the plaintiff has suffered and will continue to suffer physical pain and discomfort, mental anxiety, and emotional distress.

15.     As a further result of the negligence and carelessness of the defendant, EQUITY, as aforesaid, the plaintiff suffered a loss of income and may be restricted in her employment in the future, to her further detriment.

16.     As the result of the negligence and carelessness of the defendant, EQUITY, as aforesaid, and the injuries caused to plaintiff, the plaintiff has become anxious and fearful of increased risk of future injuries to her left knee, back and neck medical complications as a result of the fall of May 18, 2021.

WHEREFORE, the Plaintiff claims:

Monetary damages.

I hereby certify that I have personal knowledge of the plaintiff's financial ability and deem it sufficient to pay the costs of this action.

Dated at Westport, Connecticut, this 17th day of January 2023..

Hereof fail not but due service and return make.

THE PLAINTIFF

BY:_____
Bruce J. Corrigan, Jr.
Law Office of Bruce J. Corrigan, Jr.
1853 Post Road East
Westport, CT  06880
(203) 255-1950
Juris #:  429597

RETURN DATE: FEBRUARY  28, 2023                :          SUPERIOR COURT

BARBARA SUMNER-HARRIS                          :          J. D. OF FAIRFIELD

VS.                                            :          AT BRIDGEPORT

WALMART INC.; EQUITY ONE (NORWALK), LLC   :      JANUARY 17, 2023

### AMOUNT IN DEMAND

The amount, legal interest or property in demand is Fifteen Thousand and 00/100

($15,000.00) Dollars or more, exclusive of interest and costs.

The remedy sought by this Complaint is not based on an expressed or implied promise

to pay a definite sum.

THE PLAINTIFF

BY:_____
Bruce J. Corrigan, Jr.
Law Office of Bruce J. Corrigan, Jr.
1853 Post Road East
Westport, CT  06880
(203) 255-1950
Juris #:  429597

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BARBARA SUMNER-HARRIS                      :
                                          :
                    Plaintiff             :
                                          :
vs.                                       :        Civil Action No.:
                                          :
WALMART INC. & EQUITY ONE                 :
(NORWALK), LLC                            :
                                          :
                                          :
                    Defendant             :        FEBRUARY 24, 2023

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants, **Walmart Inc.** and **Equity One (Norwalk), LLC,** hereby gives notice of the removal of the above-captioned action from the Superior Court of Connecticut, J.D. of Fairfield at Bridgeport, which is the judicial district in which said action is pending, to this Court. The grounds for removal are as follows:

1.      By way of complaint dated January 17, 2022, the plaintiff, Barbara Sumner-Harris, commenced a civil action against the defendants, Walmart Inc. and Equity One (Norwalk), LLC, in the Superior Court of Connecticut, J.D. of Fairfield at

1

Conway Stoughton LLC ● Attorneys at Law
641 Farmington Avenue, Hartford, CT 06105
(860) 523-8000 ● Fax (860) 523-8002● JURIS NO. 421209

Bridgeport, titled <u>Barbara Sumner-Harris v. Walmart Inc. Et Al</u> (the "Bridgeport Action"),

Docket Number DBD-CV23-6045266-S.

    2.    The plaintiff's Complaint alleges that as a result of the negligence of the

defendants, the plaintiff fell as a result of stepping into a pot hole in the parking area

of the defendants' Premises, sustaining injuries including chronic headache injury

complex, meniscal tear of the left knee, cervical strain/sprain, thoracic strain/sprain,

lumbar strain/sprain, left knee strain/sprain, right ankle strain/sprain, neck, back and

left knee pain, restricted range of motion of the neck and left knee, shock to the nervous

system, and permanent disability of the neck, back, left knee and whole person. The

Complaint states that the plaintiff expended sums of money for medical treatment,

including surgery and physical therapy and will be obliged in the future to expend

further sums for such purposes. It further alleges that the plaintiff was unable to

undertake and participate in her usual activities and responsibility, all to her great

detriment. Finally, it alleges the plaintiff suffered a loss of income and may be restricted

in her employment in the future. The demand for relief claims monetary damages in

excess of $15,000.

    3.    This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1332

because complete diversity exists between the plaintiff and the defendants, and the

2

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

    4.    There is complete diversity of citizenship between the plaintiff and the defendants. Plaintiff is an individual who is a citizen of the State of Connecticut. Defendant Walmart Inc. is a Delaware corporation with a principal place of business in Bentonville, Arkansas. Equity One (Norwalk), LLC is a Delaware corporation with a principal place of business in Jacksonville, Florida.

    5.    Upon information and belief, the value of the Bridgeport Action exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy exceeds such sum or value based on the extensive list of injuries alleged in the Complaint. This conclusion is bolstered by the plaintiff's pre-suit medical treatment including a surgical procedure, her pre-suit demand of $155,000 made on August 10, 2022, and medical expenses as of August 10, 2022 that total approximately $36,414.25.

    6.    This Notice of Removal is being timely filed within 30 days after the receipt by defendants, Walmart Inc. and Equity One (Norwalk), LLC, through service of a copy of the initial pleading setting forth the claim for relief upon which plaintiff's claims are based, pursuant to 28 U.S.C. § 1446. Plaintiff served her initial pleading in

3

Conway Stoughton LLC • Attorneys at Law
641 Farmington Avenue, Hartford, CT 06105
(860) 523-8000 • Fax (860) 523-8002• JURIS NO. 421209

the Bridgeport Action on defendant Walmart Inc. and Equity One (Norwalk) LLC, on January 25, 2023.  Accordingly, the time for filing this Notice under the provisions of 28 U.S.C. § 1441 has not expired.

7.     This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the Bridgeport Action had originally been brought in Federal court.  Removal, therefore, is proper under 28 U.S.C. § 1441(a).

8.     Removal of this case on the basis of diversity citizenship is not precluded by 28 U.S.C § 1441(b)(2) because none of the parties in interest has joined and served as a defendant a citizen of the State of Connecticut, which is the State in which the Bridgeport Action was brought.

9.     All state court papers served on the defendants at the time of removal, consisting of the summons and complaint, are attached hereto as **Exhibit A**.

10.    Written notice of the filing of this Notice has been given to all parties as required by law (**Exhibit B**).

12.    Pursuant to 28 USC §1446(d), the defendants have notified the Superior Court of the State of Connecticut of the filing of this petition.

4

For the reasons set forth above, the defendants hereby removes this action from the Superior Court of Connecticut, J.D. of Fairfield at Bridgeport, to this Court.

DEFENDANTS,
WALMART INC.,
EQUITY ONE (Norwalk), LLC

By: /s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: rdwyer@conwaystoughton.com

## CERTIFICATION

I hereby certify that on February 24, 2023, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580

Conway Stoughton LLC • Attorneys at Law
641 Farmington Avenue, Hartford, CT 06105
(860) 523-8000 • Fax (860) 523-8002• JURIS NO. 421209